IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERNON TAIT**                                                                          **PLAINTIFF**

v.                                                          CAUSE NO. 1:13CV78 LG-JMR

**CREDIT ACCEPTANCE**                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Defendant's Motion [7] for Summary Judgment. Plaintiff Vernon Tait, who is proceeding *pro se*, alleges in this removed case that defendant Credit Acceptance "did willfully commit a conflict of interest and contempt of court in court ordered arbitration hearing." Credit Acceptance requests summary judgment in regard to Tait's claims, sanctions in the form of attorneys fees and expenses, and an order prohibiting Tait from instituting further litigation against Credit Acceptance because Tait has engaged in vexatious litigation. Tait has not filed a response. After due consideration of defendant's arguments, the relevant law and the record in this case, it is the Court's opinion that Tait's claims should be dismissed. However, the Court declines to impose sanctions on Tait. Accordingly, the Motion is granted in part and denied in part.

FACTS AND PROCEDURAL HISTORY

Tait and another individual financed a vehicle purchased from Chuck Stevens Hyundai using a retail installment contract that included an agreement to arbitrate any claims between the parties relating to the purchase and financing of

the vehicle. The retail installment contract was subsequently assigned by Chuck Stevens to Credit Acceptance. Due to their default, the vehicle was repossessed in December 2008, by Allstar Recovery, LLC.

Tait and the other purchaser then filed the first of two lawsuits against Credit Acceptance and Allstar in the County Court of Jackson County, Mississippi on March 1, 2011. They alleged that the vehicle was damaged when it was repossessed. Credit Acceptance and Allstar moved to dismiss or compel arbitration. On July 19, 2011, the County Court entered an order compelling Plaintiff and Steen to arbitrate their claims. Tait and the other purchaser filed a separate suit against Credit Acceptance and Chuck Stevens in the County Court of Jackson County alleging that the defendants committed fraud. They were compelled by the County Court to arbitrate those claims as well, although Credit Acceptance alleges Tait and the other purchaser did not do so.

On January 27, 2012, Tait and the other purchaser filed a demand for arbitration against Credit Acceptance and Allstar with the American Arbitration Association (the "AAA"). They alleged that the "[c]ar was damaged during repossession process" and that the "[c]ompany refuses to take responsibility for damage." (Mot. Summ. J. Ex. H (¶ 2), ECF No. 7-8). They demanded $50,000 in damages.

The AAA appointed the Honorable Richard W. McKenzie as the arbitrator and a hearing was set for December 3, 2012. On December 4, 2012, Judge McKenzie entered an award denying all of Tait's claims, and awarding Credit

Acceptance "the sum of $1,650.00, representing that portion of [the fees] in excess of the apportioned costs previously incurred by Respondent Credit Acceptance Corporation." (Mot. Summ. J. Ex. J, ECF No. 7-10). Judge McKenzie's award was subsequently confirmed and entered as the Judgment of the County Court on April 4, 2013. (Mot. Summ. J. Ex. K, ECF No. 7-9).

On March 11, 2013, Tait forwarded a letter to the AAA stating that he was "not satisfied" with Judge McKenzie's award. He complained that counsel for Allstar represented both of the defendants and wanted to "know what gave the arbitrator the right to allow Credit Acceptance not to participate." (Mot. Summ. J. Ex. L, ECF No. 7-12). Counsel for Allstar responded that Allstar represented Credit Acceptance because it was contractually required to provide Credit Acceptance with a defense to Tait's claims. (Mot. Summ. J. Ex. M, ECF No. 7-13). On April 3, 2013, Judge McKenzie entered a subsequent Disposition for Application of Clarification of Award in which he simply stated that counsel for Allstar "indicated that he was assuming the legal representation of Credit Acceptance," but that "the corporate attorney for Credit Acceptance Corporation opted to stay and observe the remainder of the hearing." (Mot. Summ. J. Ex. N, ECF No. 7-14). The award was reaffirmed in all other respects. (*Id.*)

Tait filed three lawsuits after the arbitration was final. The first was a "Notice of Appeal" in the Circuit Court of Jackson County against Greg Denham, agent of Allstar, and Credit Acceptance. (Mot. Summ. J. Ex. O, ECF No. 7-15). The "Notice of Appeal" alleged that Denham perjured himself during the December 3,

2012, arbitration hearing before Judge McKenzie. (*Id.* (¶V)). The case was dismissed with prejudice by the Circuit Court on April 12, 2013 because it was filed against non-existent entities. (Mot. Summ. J. Ex. P, ECF No. 7-16).

Tait filed his second lawsuit following the arbitration against counsel for Credit Acceptance and Allstar, Deaton & Berry, P.A., on September 24, 2012 in the Circuit Court of Jackson County. (Mot. Summ. J. Ex. Q, ECF No. 7-17). Tait alleged that Deaton & Berry should be held in contempt because it filed motions with the AAA to dismiss the arbitration. (*Id.* (¶IV)). That action was dismissed by the County Court on January 24, 2013. (Mot. Summ. J. Ex. R, ECF No. 7-18).

Tait filed this lawsuit against Credit Acceptance, his third following the arbitration, in Jackson County Court on February 8, 2013. Credit Acceptance removed it to this Court shortly thereafter.

LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). As already noted, Tait has not submitted any argument or evidence in opposition to Credit Acceptance's Motion. Nevertheless, Credit Acceptance has the burden of

establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Because Tait is proceeding *pro se*, the pleadings he has filed will be construed liberally. *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002).

## DISCUSSION

Credit Acceptance first argues that Tait cannot show that Credit Acceptance "commit[ted] a conflict of interest" during the arbitration. Tait's allegations are that Credit Acceptance "knew of the arbitrator's decision to keep both defendants separate at the arbitration hearing," that "Defendant withdrew and did not participate at the hearing," and "Defendant did however accept a monetary judgment against the plaintiff after the arbitration hearing."

It appears that Tait is referring to the procedure he complained to the arbitrator about - that counsel for Credit Acceptance remained in the room when another attorney represented Credit Acceptance during the arbitration. When this matter was brought to the attention of the arbitrator, he did not modify his resolution of the case other than to note that the events had taken place. Regardless, no legal claim could arise from the events because Tait had no relationship with his adversaries' attorneys. "Mississippi law is clear: an attorney owes no duty to an adverse party in a case he is litigating." *Dandridge v. Tyson Foods, Inc.*, 823 F. Supp. 2d 447, 451 (S.D. Miss. 2011). As Credit Acceptance notes,

the Mississippi Rules of Professional Conduct recognize possible conflicts only between an attorney and his client or a former client. Miss. R. Pro. Conduct 1.7, 1.8, 1.9. The Court concludes that Credit Acceptance has shown it is entitled to judgment as a matter of law in regard to Tait's claim of conflict of interest.

Credit Acceptance next argues that Tait's allegations cannot establish a cause of action for contempt. The "contempt" is alleged to have occurred during the arbitration proceedings, when Allstar's counsel undertook representation of Credit Acceptance, but Credit Acceptance's attorney stayed to observe the arbitration. Whether this action constituted contempt was a determination to be made by the arbitrator, and it appears from the arbitrator's Disposition for Application of Clarification of Award that he was unconcerned about the presence of Credit Acceptance's attorney during the arbitration. In the absence of disobedience to the arbitrator, there could be no contempt, and even if counsel's actions amounted to contempt of court, this Court has no authority to punish counsel. "It is a well established rule that the power to judge a contempt rests exclusively with the court contemned, and that no court is authorized to punish a contempt against another court." *Kitchens v. State*, 293 So. 2d 815, 815 (Miss. 1974) (quoting 17 C.J.S. Contempt § 51 (1963)); *see also Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012) ("the power to sanction contempt is jurisdictional"). Accordingly, Credit Acceptance has shown it is entitled to judgment as a matter of law in regard to Tait's claim of contempt.

Because this is the third lawsuit Tait has filed following the arbitration,

Credit Acceptance requests sanctions pursuant to Mississippi Rule of Civil Procedure 11.  The Court is permitted to enter sanctions pursuant to state law where a pleading was originally filed in state court but removed to federal court. *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *Nelson v. Nationwide Mut. Ins. Co.*, 3:11-CV-223-DPJ-FKB, 2012 WL 393242 (S.D. Miss. Feb. 6, 2012); *Brown v. DuPont*, No. 3:09CV 333TSL-JCS, 2010 WL 436603, at *2-3 (S.D. Miss. Feb. 2, 2010) (entering sanctions pursuant to the MLAA for frivolous complaint filed in state court and removed to federal court).  Tait's complaint was filed in state court and removed to this Court, making Mississippi Rule of Civil Procedure 11 applicable.

> Mississippi's Rule 11 states in pertinent part:
>
> If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys' fees.

A pleading is "frivolous" within the meaning of Rule 11 "only when, objectively speaking, the pleader or movant has no hope of success." *Cain v. Cain*, 967 So. 2d 654, 667 (Miss. Ct. App. 2007).  A claim that is merely weak, wrong, untimely or "light-headed" is not frivolous.  *Id.*

Tait's claims in this lawsuit are frivolous.  He had no hope of prevailing, as his allegations do not even approach a viable claim against Credit Acceptance.  Furthermore, Tait's prior fruitless attempts to pursue Credit Acceptance and

others involved in the arbitration should have informed him that his claims in this action were without merit.  Nevertheless, the Court declines to exercise the discretion granted by Mississippi Rule 11 to impose monetary sanctions on Tait, who is proceeding without legal guidance.  **HOWEVER, TAIT IS NOW ON NOTICE THAT HE MUST CAREFULLY CONSIDER ANY FURTHER LITIGATION BASED ON THE ARBITRATION PROCEEDING, AS MONETARY SANCTIONS MAY BE IMPOSED UPON HIM FOR ANY FUTURE FRIVOLOUS CLAIMS.**

Credit Acceptance also requests that Tait be enjoined from bringing additional lawsuits against it related to the arbitration.  It is well settled that a plaintiff's *pro se* status does not give him a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986).  Further, "there is no constitutional right of access to the courts to prosecute an action that is frivolous" and thus, this Court has power to enjoin litigants who abuse the judicial system. *Kaminetzky v. Frost Nat'l Bank of Houston,* 881 F.Supp. 276, 277 (S.D. Tex. 1995).  However, any injunction could only be enforced as to this Court, and it should be noted that Tait did not file his lawsuit here - it was Credit Acceptance who removed the case to this Court.  Tait's litigation history in this Court does not justify enjoining him from further filings against Credit Acceptance.  This sanction request will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that defendant's

Motion [7] for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's claims against the defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of October, 2013.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE